

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-5-2008

# Tauriello v. Edison

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4859

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Tauriello v. Edison" (2008). *2008 Decisions.* Paper 715.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/715

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4859
_____

JOSEPH TAURIELLO,

Appellant

v.

TOWNSHIP OF EDISON; JONATHAN A. CAPP, Business Administrator;
EDWARD COSTELLO, Chief of Police of Edison Township;
GEORGE MIECZKOWSKI, Captain in the Edison Township Police
Department; RON GERBA, Captain in the Edison Township
Police Department; ANGELO BEKIARIAN, former Deputy Chief in
the Edison Township Police Department, Individually and in
their capacities as officials in the Township of Edison

_____

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 05-cv-03983)
District Judge:  Hon. William J. Martini

_____

Argued on June 25, 2008

Before:  SLOVITER, BARRY and ROTH, Circuit Judges

(Opinion filed August 5, 2008)

Sidney H. Lehmann, Esquire  **(Argued)**
Szaferman, Lakind, Blumstein, Glader & Lehmann
101 Grovers Mill Road
Quakerbridge Executive Center, Suite 104
Lawrenceville, NJ   08648

Counsel for Appellant

Lisa M. Fittipaldi, Esquire
DiFrancesco, Bateman, Coley, Yospin, Kunzman, Davis & Lehrer
15 Mountain Boulevard
Warren, NJ   07059

Matthew J. Giacobbe, Esquire **(Argued)**
Steven W. Kleinman, Esquire
Scarinci & Hollenbeck
1100 Valley Brook Avenue
P. O. Box 790
Lyndhurst, NJ   07071

Counsel for Appellees

―――――――

O P I N I O N

―――――――

**ROTH,** Circuit Judge:

Joseph Tauriello, a former police officer, appeals the grant of summary judgment by the District Court in favor of the Township of Edison.  Finding that genuine issues of material fact remain unresolved, we will vacate the grant of summary judgment and remand for further proceedings in the District Court.

## I. BACKGROUND

Because we write primarily for the benefit of the parties, we will only briefly review the facts and the proceedings below.

Tauriello, while a member of the Township of Edison police force, entered into a Memorandum of Agreement with the Township on April 6, 2004. The Agreement provided in its entirety that:

1. The Township agrees to file for an involuntary disability pension on behalf of Officer Joseph Tauriello ("Tauriello").

2. Tauriello will withdraw his appeal of the May 23, 2003 disciplinary charges brought by the Edison Division of Police.

3. Tauriello acknowledges and agrees that probable cause exists for all disciplinary charges, including those that will be closed or dismissed as a result of this agreement. Nothing herein shall prohibit the use of these charges or any evidence obtained through the investigation of these charges in any future proceedings involving the Township of Edison or any of its employees. Otherwise, the use of these charges or any evidence obtained through the investigation of these charges will remain confidential.

4. The Township agrees to dismiss any other charges against Tauriello and all pending investigations or disciplinary matters will be closed.

5. If a disability pension is granted, as an employee with 21 years of service, in accordance with the PBA collective bargaining agreement and applicable township ordinances, Tauriello shall retain paid Township medical health benefits for life.

6. In the event an involuntary disability retirement is not granted, Tauriello will file for an ordinary retirement and provisions 2, 3 and 4 will apply.

Pursuant to the Agreement, Tauriello promptly withdrew his appeal of the May 23, 2003, disciplinary charge and, on April 19, 2004, the Township filed an involuntary disability

3

application on his behalf. However, on June 11, 2004, the Township filed disciplinary charges against Tauriello. Subsequently, by letter dated November 12, 2004, the Township informed Tauriello that the involuntary disability application filed on his behalf was denied and requested that he begin the process of filing for ordinary retirement by November 19, 2004. Tauriello refused, telling the Township that he was no longer obligated to abide by provision six in the Agreement because the Township had breached the Agreement when it filed charges against him in June. On December 2, 2004, the Township removed Tauriello from its payroll.

On June 8, 2005, Tauriello filed a complaint against defendants Township of Edison and other named individuals within the Township's police department, alleging violations of his First Amendment and Fourteenth Amendment rights under 42 U.S.C. § 1983, in addition to various state law claims alleging wrongful termination, breach of contract, negligence, and intentional infliction of emotional distress.[1] Before any depositions or interrogatories had been taken, the District Court granted summary judgment *sua sponte* for defendants in a letter opinion dated October 31, 2006, holding in pertinent part that (1) the Agreement waived any due process rights Tauriello may have had relating to his termination, (2) defendants properly removed him from the payroll when he failed to retire pursuant to

---

[1] The case was originally filed in state court and subsequently removed to the U.S. District Court for the District of New Jersey.

4

the Agreement, and (3) defendants did not breach provisions three and four of the Agreement. Tauriello timely appealed.

The District Court had jurisdiction over Tauriello's § 1983 claims pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(a). We have jurisdiction over the final order of the District Court pursuant to 28 U.S.C. § 1291.

## II. DISCUSSION

Our review of the District Court's grant of summary judgment is plenary. *Anderson v. Consolidated Rail Corp.*, 297 F.3d 242, 246 (3d Cir. 2002). Summary judgment is proper if review of "the pleadings, the discovery and disclosure materials on file, and any affidavits show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In conducting such a review, we will give all reasonable inferences to and construe the record in the light most favorable to Tauriello. *Anderson*, 297 F.3d at 247.[2]

In addition, "[w]hen the meaning of contract language is at issue, we affirm a grant of summary judgment only if the contract language is unambiguous and the moving party is entitled to judgment as a matter of law." *Arnold M. Diamond, Inc. v. Gulf Coast Trailing*

___

[2] Due to the *sua sponte* nature of the grant of summary judgment in the instant case, the Township is arguably not a "movant." However, we take the language of Rule 56 and the cases interpreting that rule to indicate that in a situation such as this, the "movant" is the prevailing party, and the "non-moving party" is the party against whom summary judgment is granted.

*Co.*, 180 F.3d 518, 521 (3d Cir. 1999). It is "hornbook law that if the relevant terms in a contract are ambiguous, the issue must go to a jury." *Emerson Radio Corp. v. Orion Sales, Inc.*, 253 F.3d 159, 163 (3d Cir. 2001). Our review of whether a contract is ambiguous is plenary. *Arnold M. Diamond, Inc.*, 180 F.3d at 521.

The Township argues that the filing of charges in June of 2004 was not a breach of the Agreement, and if it was a breach, it was not material. Tauriello disagrees. These are fundamentally factual questions that cannot be resolved on the limited record before us.

Because Tauriello's breach of contract claim was asserted under New Jersey law, we look to the law of New Jersey to interpret the Agreement. *Carter v. Exxon Co. USA*, 177 F.3d 197, 204 (3d Cir. 1999). "Contract interpretation is usually a question of law in New Jersey." *SmithKline Beecham Corp. v. Rohm & Haas Co.*, 89 F.3d 154, 159 (3d Cir. 1996). In New Jersey, "[t]he polestar of contractual interpretation is the intent of the parties" and "[t]he starting point in ascertaining that intent is the language of the contract." *Communications Workers of America, Local 1087 v. Monmouth County Bd. of Soc. Services*, 476 A.2d 777, 781-82 (N.J. 1984) (citations omitted). "An ambiguity in a contract exists if the terms of the contract are susceptible to at least two reasonable alternative interpretations." *M.J. Paquet, Inc. v. New Jersey Dept. of Transp.*, 794 A.2d 141, 152 (N.J. 2002) (citation omitted).

The issue of breach turns on the interpretation of ambiguous provisions in the contract. The Township contends that the language in provision three allowing the use of

evidence from existing investigations in "any future proceedings involving the Township of Edison or any of its employees" preserves its right to file new disciplinary charges against Tauriello. However, the statement in provision four that "all pending investigations or disciplinary matters will be closed" would allow a reasonable interpreter to conclude that the Township agreed not to use any evidence from pending investigations against Tauriello. Similarly, the statement in provision six that "provisions 2, 3 and 4 will apply" if Tauriello's application for a disability retirement is rejected could reasonably be read to mean either that the provisions will not apply absent a rejection or as merely stating that the provisions will continue to apply after such a rejection. The plain language of the Agreement is reasonably susceptible to more than one interpretation, and is therefore ambiguous. *M.J. Paquet, Inc.*, 794 A.2d at 152. The limited record before us does not resolve the ambiguity.

The grant of summary judgment would still be appropriate if the Township could establish that any breach that it may have committed was not material. We have recognized, "[i]t is hornbook law that when one party to a contract commits a material breach, the non-breacher has the option of either continuing the contract and suing for partial breach, *or terminating the agreement in its entirety*." *General Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 315 n.5 (3d Cir. 2001) (*citing* 2 E. Allan Farnsworth, Farnsworth on Contracts § 8.16 at 495 (2d ed. 1998)) (emphasis added). However, "[i]n the case of a non-material breach, the termination option is not open to the non-breacher." *Id.* A breach is material when it goes to the essence of the contract and "will deprive the injured party of the

benefit that is justifiably expected" from performance under the contract. *Id.* at 315 (*citing* Farnsworth on Contracts § 8.16 at 495-97).

Tauriello argues that the primary benefit for which he bargained under the contract was to lay to rest all disciplinary issues relating to the incident underlying the June charge. The Township replies that any possible breach that was committed was immaterial because the Township did not prosecute the charges, which resulted in their automatic dismissal thirty days after filing with no harm done to Tauriello. Again, whether the filing of charges deprived Tauriello of the benefit he justifiably expected to derive from the Agreement is a factual question, and further development of the record is needed to settle the genuine issues surrounding it.

## III.  CONCLUSION

For the foregoing reasons, we will vacate the grant of summary judgment by the District Court and remand for further proceedings consistent with this opinion.